UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**LARRY BRATTON,**

                                          **Plaintiff,**

                            **-vs-**                                                 5:05-CV-950
                                                                            (NAM/GJD)

**NEW YORK STATE DIVISION OF PAROLE; P.O.
TURNER; P.O. WIJKOWSKI; P.O. JONES; SGT.
HERSON; SGT. VALLEY; OFFICER WATKINS;
and ITHACA POLICE DEPARTMENT,**

                                          **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Larry Bratton
Plaintiff, *pro se*
01-A-6725
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

Hon. Eliot Spitzer, Attorney General of the State of New York
Senta B. Siuda, Esq., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorneys for Defendants New York State Division of Parole,
Turner, Wijkowski, and Jones

G. Peter Van Zandt, Esq.
53 Chenango Street, Suite 700
Binghamton, New York 13901
Attorney for Defendants Sgt. Herson, Sgt. Valley, Officer Watkins,
and Ithaca Police Department

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Defendants New York State Division of Parole, P.O. Turner, P.O. Wijkowski, and P.O.

Jones move (Dkt. No. 24), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings dismissing the claims against them. Defendants Sgt. Herson, Sgt. Valley, Officer Watkins, and the Ithaca Police Department move (Dkt. No. 44) for the same relief. For the reasons set forth herein, the Court grants the motions in part and denies them in part.

## AMENDED COMPLAINT

In his amended complaint (Dkt. No. 6) in this action under 42 U.S.C. § 1983, plaintiff *pro se* claims that he is currently incarcerated in a New York State Correctional Facility as a result of a determination that he violated the conditions of his parole. The amended complaint asserts claims against the New York State Division of Parole and against Parole Officers Turner, Wijkowski, and Jones in their individual and official capacities. The amended complaint also asserts claims against the Ithaca Police Department and against Sgt. Herson, Sgt. Valley, and Officer Watkins in their individual and official capacities.

On January 14, 2005, plaintiff was released from prison on parole. Defendant Wijkowski was assigned as his parole officer. According to the amended complaint, at around 9 p.m. on February 8, 2005, Wijkowski and an unidentified male (who in fact was defendant Jones, another parole officer) came to plaintiff's residence. Plaintiff admitted them. Once inside, Wijkowski stated that he wanted to obtain a urine sample from plaintiff. Wijkowski did not, however, have a urine test sample kit with him. He said he was going to obtain a test sample kit, and instructed the unidentified man to watch plaintiff while he was gone. Plaintiff objected that he did not know who the unidentified man was. Plaintiff stated that he was going out and began to dress. Wijkowski went into the hall and telephoned the Ithaca Police Department. Wijkowski then returned to plaintiff's room, and he and Jones tackled and handcuffed plaintiff, telling him he was

under arrest. Plaintiff claims that Wijkowski and Jones handcuffed him so tightly that when the handcuffs were removed his wrists were swollen and bruised.

The amended complaint further alleges that, while plaintiff was handcuffed and lying on his bed, defendants Herson and Watkins, both Ithaca Police Officers, arrived with a large dog on a leash. They brought the dog near plaintiff and permitted it to bark and lunge at him. Eventually, plaintiff was taken to a police car. Watkins, Wijkowski, Jones and Herson then used the dog to search plaintiff's room for drugs.

According to plaintiff, he had complied at all times with the conditions of his parole. He claims that the individual defendants conspired to "violate" him on his parole and to search his residence without a warrant or probable cause. He alleges that he had a lawsuit pending against Wijkowski at the time, *Bratton v. Baker*, 03-CV-1458 (N.D.N.Y., Hurd, D.J.); that Wijkowski intensely disliked him; that Wijkowski was likely to seek retaliation against him; and that defendants Turner and New York State Division of Parole had reason to know these facts but were indifferent to the threat Wijkowski posed to plaintiff. Plaintiff alleges a variety of constitutional violations and conspiracy pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

## DISCUSSION

In deciding a motion to dismiss the complaint under Fed. R. Civ. P. 12(c), the Court applies the standard applicable to a Rule 12(b)(6) motion for failure to state a claim, *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001), that is, the Court accepts as true the factual allegations of the complaint and draws all inferences in favor of the plaintiff. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *See Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

The New York State Division of Parole correctly argues (Dkt. No. 24) that it is entitled to dismissal on the ground that any claim against it is barred by the Eleventh Amendment, which bars a citizen from suing a state or one of its agencies or departments in federal court. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Dismissal of all claims against New York State Division of Parole is granted. *See Loving v. Harris*, 2005 WL 1961420, *3 (E.D.N.Y. 2005). For the same reason, all claims against Parole Officers Turner, Wijkowski, and Jones in their official capacities are dismissed. *See Hill v. Goord*, 63 F.Supp.2d 254, 259 (E.D.N.Y. 1999).

The Ithaca Police Department argues (Dkt. No. 44) that plaintiff fails to plead any basis for holding it liable for the conduct of its police officers. It is well established that a municipal agency or department cannot be held liable under section 1983 for an injury inflicted solely by its employees or agents; rather, to support such liability a plaintiff must show that his injury resulted from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy[.]" *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). Plaintiff makes no such allegation here, and his claims against the police department are dismissed. By the same token, his claims against the police officers in their official capacities are dismissed. *See Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

All defendants urge that plaintiff's claims are barred under *Heck v. Humphrey*, in which the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). District courts have applied the *Heck* holding to section 1983 lawsuits based on the revocation of parole. *See Loving*, 2005 WL 1961420 at *2 (*Heck* bars section 1983 damage claim stemming from parole revocation where plaintiff claims that parole officers issued parole violation based on perjured testimony); *Dallas v. Goldberg*, 143 F.Supp.2d 312, 322 (S.D.N.Y. 2001) ("The *Heck* holding applies equally in the parole revocation context."); *Davis v. Cotov*, 214 F.Supp.2d 310, 316 (E.D.N.Y. 2002) (holding that *Heck* bars plaintiff's claims that his parole violation was based on an improper arrest and that his parole revocation proceedings were inadequate). The issue, then, is whether a ruling in plaintiff's favor on his claims here would render invalid the revocation of his parole.

The amended complaint asserts numerous claims, including claims that defendants Wijkowski and Jones wrongfully used the pretext of obtaining a urine sample while their true intention was to harass and intimidate plaintiff in retaliation for his pending legal action against Wijkowski; that they wrongfully used their status as parole officers to enter and search his room without a warrant or probable cause; that they wrongfully detained and arrested plaintiff in his residence without a warrant or probable cause; that they used excessive force in arresting and handcuffing him; that they abused the regular processes of their agencies by pretending that they wanted to obtain a urine test sample when they actually intended to harass, intimidate, threaten, and arrest plaintiff and to search his residence without warrant or probable cause; that they, along with Watkins and Herson, violated his rights by bringing a dog into his residence and using it to threaten him and to search for evidence of a crime without a warrant or probable cause; and that all individual defendants conspired to use plaintiff's status as a parolee to allow police to conduct a wrongful search of his premises, to arrest him without cause, and to harass and intimidate him.

Defendants argue that all of plaintiff's claims stem from the alleged unlawfulness of the procedures which culminated in the revocation of his parole and that therefore, because the parole revocation decision has not been reversed or set aside, plaintiff's section 1983 claims must be dismissed pursuant to *Heck*. A review of the amended complaint, however, does not support dismissal pursuant to *Heck*. Plaintiff's claims do not appear to stem solely from the alleged injury of having his parole revoked. It cannot be said on the face of the amended complaint that every claim advanced by plaintiff necessarily implicates the invalidity of the revocation of his parole. This is not to say that, upon review of this action in light of the parole revocation proceedings and/or other evidence, the Court may not find on summary judgment that some or all of plaintiff's claims must be dismissed on the ground of *Heck*, by operation of the doctrine of collateral estoppel, or on some other ground. The Court finds only that, based solely on the pleadings, it does not appear beyond doubt that all of plaintiff's claims are barred by *Heck*.

Defendants Herson, Valley, and Watkins also move (Dkt. No. 44) for dismissal of the claims against them in their individual capacities on the ground of qualified immunity. This aspect of their motion is denied. They may well succeed in obtaining summary judgment on this ground; however, on the face of the amended complaint, and accepting plaintiff's allegations as true, it does not appear beyond doubt that their alleged conduct could reasonably have been thought consistent with the rights they are alleged to have violated. *See generally Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Likewise, the other grounds raised by defendants do not warrant Rule 12(c) dismissal. Accepting as true the factual allegations of the complaint and drawing all inferences in favor of the plaintiff, the Court finds that it does not appear beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

**CONCLUSION**

It is therefore

ORDERED that the motion by defendants New York State Division of Parole, P.O. Turner, P.O. Wijkowski, and P.O. Jones (Dkt. No. 24) for judgment on the pleadings dismissing the claims against them under Fed. R. Civ. P. 12(c) is granted to the extent that all claims against New York State Division of Parole and against P.O. Turner, P.O. Wijkowski, and P.O. Jones in their official capacities are dismissed, and the motion is otherwise denied; and it is further

ORDERED that the motion by defendants Sgt. Herson, Sgt. Valley, Officer Watkins, and Ithaca Police Department (Dkt. No. 44) for judgment on the pleadings dismissing the claims against them under Fed. R. Civ. P. 12(c) is granted to the extent that all claims against Ithaca Police Department and against Sgt. Herson, Sgt. Valley, Officer Watkins in their official capacities are dismissed, and the motion is otherwise denied.

IT IS SO ORDERED.

September 27, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge